GERALD D. KNIESCHE, APPELLANT, v. LUDWIG THOS, APPELLEE.

280 N. W. 2d 907

Filed July 3, 1979. No. 42317.

Jewell, Otte, Gatz, Collins & Domina, for appellant.

Brogan & Stafford, P.C., for appellee.

Heard before BOSLAUGH, McCOWN, and BRODKEY, JJ., and RIST and WOLF, District Judges.

WOLF, District Judge.

This is an appeal by the plaintiff from a jury verdict and judgment in favor of the defendant upon plaintiff's action for breach of oral contract by the defendant in the construction of a hog confinement barn. The defendant, Ludwig Thos, was principally a masonry contractor. Defendant was a personal friend of the plaintiff and together they had, over a period of several months, made inquiries and inspections for the purpose of planning and building a hog confinement barn for the plaintiff. Plans were prepared by the defendant and an estimate of cost was made by the defendant and submitted to the plaintiff. The parties, however, instead of making a fixed amount contract, made an oral agreement that the defendant would build the hog confinement barn for the plaintiff at defendant's actual cost plus 15 percent. Other than the plans, the only agreement between the parties as to the quality of construction was that the defendant would build a "good one" for the plaintiff. Although the dates of construction are not shown, it appears to have been completed late in 1975 and the plaintiff entered into use and occupancy of the building during the first week of January 1976.

On April 16, 1976, there were strong winds in the area. The east one-third of the roof of the building blew off that morning. The damage was not con-

fined to the roof. The side walls and portions of the masonry construction were also damaged.

The plaintiff's first cause of action alleges the defendant warranted by implication the building would be constructed in a workmanlike manner and in accordance with the accepted methods of the building trade, and that the defendant breached those implied warranties.

Plaintiff's second cause of action was actually a second theory of recovery for the same cause of action based upon negligence and improper construction.

The defendant's answer denied the allegations of the plaintiff's first cause of action and further alleged an affirmative defense that such damage to the building was caused by the high velocity winds which were an act of God and not due to any acts or omissions of the defendant. The defendant denied the allegations of the plaintiff's second cause of action.

The court instructed the jury on the plaintiff's first cause of action submitting the implied agreement that the contractor would adhere to construction standards which were generally accepted in the area and perform in a workmanlike manner. The court did not instruct on the plaintiff's theory of negligence and the plaintiff makes no assignment of error in that regard. The court instructed the jury as to the defendant's affirmative defense of an act of God, to which the plaintiff objected at the instruction conference, in his motion for new trial, and in his argument and the briefs submitted in this court. A review of the evidence shows that the defendant did submit substantial evidence of the intensity and breadth of the storm, sufficient to raise a factual question for the jury as to whether such storm was "a manifestation of nature so unusual and extraordinary that it could not under normal conditions have been anticipated or expected or guarded against

or resisted, and no ordinary and reasonable amount of care would have prevented the damage." The court also properly instructed the jury that the burden was upon the defendant to prove by a preponderance of the evidence that the act of God alleged was the sole proximate cause of the occurrence and the resulting damages to the plaintiff. We conclude, therefore, that the defendant's evidence was sufficient to raise the factual question for the jury and the jury was properly instructed.

At trial, the court permitted the defendant to introduce: (1) Evidence of wind damage to a building in Wayne, Nebraska, which occurred sometime during the day of April 16, 1976; (2) the weather bureau report for the entire day of April 16, 1976; (3) evidence of damage to another hog barn on that date, although the other hog barn was located "quite a bit north" of the plaintiff's farm; and (4) cross-examination testimony given by the plaintiff, over objection of plaintiff's attorney as to damage to other buildings in the Wayne vicinity. The plaintiff claims such evidence was without foundation, was too remote in time and distance, and was inadmissible. The record shows the farm of the plaintiff is less than 10 miles from Wayne, Nebraska, and the weather station was approximately 30 miles from the plaintiff's farmstead. Under the circumstances, the time and distance do not seem too remote to be objectionable nor is it objectionable that the weather reports and wind damage encompass parts of the afternoon on April 16 as well as the morning of April 16. Each of these items of evidence can be taken into consideration by the jury in determining whether the defense of an act of God, as defined in the instructions, has been established. The difference in time and distance would relate only to the weight of the evidence and not to its admissibility.

The plaintiff further assigns as error the failure of the court to grant plaintiff's motion for a mistrial

because the defendant was permitted to cross-examine the plaintiff as to his knowledge of other buildings which were damaged by wind on the date in question. The motion for mistrial is inappropriate when it relates to rulings of the court on the admissibility of the evidence. Only the underlying assignment of error relating to the challenged admission of evidence will be considered by this court. Plaintiff's objection to the cross-examination of plaintiff as to other damage caused by the storm has as its basis the plaintiff's claim that the evidence was too remote and thus the defendant was not entitled to raise the affirmative defense of an act of God. Both of the objections have previously been discussed.

The remaining assignment of error by the plaintiff was the failure of the court to sustain the plaintiff's motion for a directed verdict and/or judgment notwithstanding the verdict. A jury verdict may not be set aside unless it is clearly wrong and it is sufficient if there is any competent evidence presented to the jury upon which it could find for the successful party and all conflicts in the evidence, expert or lay, and the credibility of the witnesses is for the jury and not for the court. Hawkins Constr. Co. v. Matthews Co., Inc., 190 Neb. 546, 209 N. W. 2d 643. Reviewing the evidence with all conflicts resolved in favor of the defendant, it would appear that the hog confinement barn was constructed substantially as set forth in the plans submitted to the plaintiff, both the plaintiff and the defendant participated in determining the method and style of construction, and the hog confinement barn was built similar in style and design to other hog confinement barns either built in the vicinity or recommended by the University of Nebraska Cooperative Extension Service. Other evidence presented would indicate that the windstorm caused wide damage within the area and was of an unusual

and extraordinary velocity, perhaps exceeding 80 miles per hour.

Plaintiff's expert witness, an engineer, testified as to some deficiencies in the manner of construction and to what, in his opinion, was a minimum standard of load bearing for the industry. Although the plaintiff's expert witness was the only academically expert witness, the jury is not bound to accept his version and opinion over all other evidence. The jury was properly instructed that it may adopt or reject the conclusions of the experts, according to its own best judgment.

The verdict of the jury was a general verdict rather than a special finding and the verdict does not disclose whether the verdict for the defendant was based upon the failure of the plaintiff to prove his case or whether it was based upon the affirmative defense of the defendant. For the purpose of this appeal it makes no real difference, as this court finds that the evidence is sufficient to support a verdict in favor of the defendant on either basis.

Judgment for the defendant is affirmed.

AFFIRMED.