LUDWIG THOS, APPELLEE, v. EMPLOYERS MUTUAL CASUALTY COMPANY, APPELLANT.

338 N.W.2d 784

Filed October 7, 1983. No. 82-551.

Larry E. Welch and Earl G. Greene III of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellant.

Thomas E. Brogan of Brogan & Stafford, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from the judgment of the District Court for Wayne County, Nebraska, in favor of appellee, Ludwig Thos, against appellant, Employers Mutual Casualty Company, for breach of an agreement, contained in a comprehensive liability policy, to defend the insured (Thos) against actions by third persons. The insurer (Employers) refused coverage and declined to defend the action. The insured procured a private defense counsel and prevailed in the original action and on appeal to this court. See *Kniesche v. Thos*, 203 Neb. 852, 280 N.W.2d 907 (1979). The trial court in the instant case found that the insurer had a duty to defend, and entered judgment for the costs of such defense and a fee for the successful prosecution of this action in the District Court. Employers appeals, essentially assigning only one error, that the trial court was wrong in its determination that the policy provided coverage and that there was a duty to provide a defense. We reverse with directions to dismiss the petition.

A complete statement of the facts is contained in *Kniesche v. Thos, supra,* and is not important to the disposition of this case. Only pertinent facts will be set forth. Thos erected a hog confinement structure for Kniesche which was damaged in a subsequent high wind. At issue was whether the structure was erected in a workmanlike manner and conformed to a rather general warranty.

The insurance policy in effect at the time of the

construction and damage to the building contained the following clauses which are central to the resolution of this case.

"COVERAGE A—BODILY INJURY LIABILITY

"COVERAGE B—PROPERTY DAMAGE LIABILITY

"The company will pay on behalf of the *insured* all sums which the insured shall become legally obligated to pay as damages because of

Coverage A. *bodily injury* or

Coverage B. *property damage*

to which this insurance applies, caused by an *occurrence*, and the company shall have the right and duty to defend any suit against the *insured* seeking damages on account of such *bodily injury* or *property damage*, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

*"Exclusions*

"This insurance does not apply:

"(a)  to liability assumed by the *insured* under any contract or agreement except an *incidental contract*; but this exclusion does not apply to a warranty of fitness or *quality of the named insured's products* or a warranty that work performed by or on *behalf of the named insured* will be done in a workmanlike manner;

. . . .

"(n)  to *property damage* to the *named insured's products* arising out of such products or any part of such products;

"(o)  to *property damage* to work performed by or on behalf of the *named insured* arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith . . . ."

In a clause known in the insurance trade as a "completed operations" clause, coverage is expressly provided for *"bodily injury* and *property damage* arising out of operations or reliance upon a representation or warranty made at any time with respect thereto, but only if the *bodily injury* or *property damage* occurs after such operations have been completed or abandoned and occurs away from premises owned by or rented to the *named insured."*

In the determination of the controversy two separate questions must be considered: (1) Is the loss suffered by Kniesche such that, if proved, it is covered by the risks assumed by the insurer in the policy of insurance? (2) Did the insurer have knowledge, or should it have had knowledge, of facts which would give rise to "the potential of liability," thus requiring the insurer to provide a defense to the insured?

With respect to the first question, two bases of liability were advanced by the insured. First, that the "completed operations" clause extended coverage. Here, it is clear from the petition at the first trial and the record of that trial that the property owner was seeking recovery for the damage to the product itself. Indeed, if other property had in fact been damaged, that property belonged to another.

A second basis is the language of exclusion (a) which excepts from the exclusion certain warranties of fitness, quality, and workmanlike performance.

The first basis cannot be sustained. In *Hartford Acc. & Ind. Co. v. Olson Bros., Inc.,* 187 Neb. 179, 188 N.W.2d 699 (1971), this court construed the completed operations clause and concluded that the clause did not afford coverage for damage to the product itself, but only for damage to other property or for bodily injury. See, also, Henderson, *Insurance Protection for Products Liability and Completed Operations — What Every Lawyer Should Know,* 50 Neb. L. Rev. 415, 441 (1971): "The coverage is for tort liability for physical damages to

others and not for contractual liability of the insured for economic loss because the product or completed work is not that for which the damaged person bargained," citing *Aetna Insurance Co. v. State Motors*, 109 N.H. 120, 244 A.2d 64 (1968).

Similarly, the second basis urged by the insured is not tenable. We said in *Townley v. Whetstone*, 190 Neb. 541, 209 N.W.2d 350 (1973): "A separate exclusionary clause in an insurance contract should be construed in light of the provisions of the whole contract and harmonized therewith if reasonably possible . . . ." (Syllabus of the court.)

Exclusions (n) and (o) specifically exclude any coverage to the insured's product, i.e., the hog building. The only possible, and it seems to us the most logical, manner to construe (a) in harmony with (n) and (o) is to conclude that (a) extends coverage to tort claims by third parties for personal injury or property damage, not including the insured's product. It appears to us that this is in harmony also with the nature of the policy itself. It is a liability policy, not a contract in the nature of a performance bond or guarantee of satisfactory construction.

On the premise that the loss to the product itself was not covered, the petition does not disclose damage to other than the product itself, nor does the record disclose damage to other property of Kniesche. Thus, the insurer was correct in determining no potential liability to Kniesche under the policy, and was not obligated to extend a defense. Cf. *Allstate Ins. Co. v. Novak*, 210 Neb. 184, 313 N.W.2d 636 (1981).

REVERSED AND REMANDED WITH DIRECTIONS TO DISMISS.