WILLIAM L. ROTH, APPELLANT, V. FARMERS MUTUAL INSURANCE COMPANY OF NEBRASKA, APPELLEE.
371 N.W.2d 289

Filed August 2, 1985.   No. 84-530.

Michael N. Schirber of Schirber Law Offices, P.C., for appellant.

Edward G. Warin and John W. Iliff of Gross, Welch, Vinardi, Kauffman & Day, P.C., for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

BOSLAUGH, J.

This is an action on a perpetual farm policy of insurance issued by the defendant, Farmers Mutual Insurance Company

of Nebraska, to the plaintiff, William L. Roth. Under the blanket farm personal property section of the policy, livestock was insured against theft.

In 1979 Roth owned a number of swine. That year he entered into an agreement with Allen Bestmann in which Roth agreed to maintain 25 sows and 2 boars or 10 percent of the herd, whichever was greater, in a farrowing-nursery facility owned by Bestmann, for which Bestmann would be paid $550 a month and 10 percent of all other expenses. Bestmann would provide the services and labor to operate the facility, and produce feeder pigs, weighing between 40 and 50 pounds, for market. Roth was to receive 10 percent of the sales. An addendum to the agreement executed in December 1981 provided that Bestmann would purchase from Roth 100 sows held by Bestmann under the agreement. Roth was to receive $11,130 for 265 feeder pigs that had been sold. Another 174 pigs held under the agreement were to be sold as soon as possible.

Bestmann sold the swine in late 1981 or early 1982 and wrote three checks to Roth for the sale proceeds. Two of the checks were returned for insufficient funds. Roth was not repaid and the hogs were not returned.

Roth filed a claim with the defendant insurance company for theft of the swine, valued at $33,979. The claim was denied under a provision of Roth's policy which provides coverage for loss of livestock, including swine, due to: "3. *Theft and Overturn* including direct loss by theft (but *excluding* escape, mysterious disappearance, inventory shortages, *wrongful conversion and embezzlement*), and overturn." (Emphasis supplied.)

Roth brought this suit to recover under the theft provision of the policy. The defendant insurer denied that a loss due to theft had occurred and defended on the specific exclusion for conversion and embezzlement. The defendant subsequently moved for summary judgment.

The trial court found that there were no contested issues of fact, that the swine had been wrongfully converted by Bestmann, and that the policy exclusion applied. The trial court granted summary judgment and dismissed the plaintiff's petition.

On appeal Roth argues that summary judgment was inappropriate as there existed both a dispute as to a material fact and a question of law to be resolved by a trial.

The general rule is that a party is entitled to summary judgment if there is no genuine issue of material fact, the ultimate inferences to be drawn from those facts are clear, and the moving party is entitled to judgment as a matter of law. *Signor v. National Transp., Inc.*, 217 Neb. 667, 351 N.W.2d 58 (1984).

Roth contends that in Nebraska the term "theft," as found in an insurance policy, will be construed very broadly where not defined by the policy itself. *Modern Sounds & Systems, Inc. v. Federated Mut. Ins. Co.*, 200 Neb. 46, 262 N.W.2d 183 (1978). The term may include pilferage, swindling, embezzlement, wrongful conversion, and other unlawful appropriations. *Raff v. Farm Bureau Ins. Co.*, 181 Neb. 444, 149 N.W.2d 52 (1967). As the definition of theft may be very broad, Roth maintains a factual dispute exists as to what type of behavior Allen Bestmann had engaged in by paying Roth for his swine with insufficient fund checks. However, under the facts of this case the behavior involved was conversion.

Conversion is any unauthorized or wrongful act of dominion exerted over another's personal property which deprives the owner of his property permanently or for an indefinite period of time. *B. E. Implement Co. v. Valley Farm*, 216 Neb. 269, 343 N.W.2d 892 (1984); *Raff, supra.* Under an insurance policy covering direct loss of livestock by theft but excluding loss by wrongful conversion, "unlawful conversion" presupposes converting of lawful possession into an unlawful one. *Raff, supra.*

In the present case, under the agreement between the parties, Bestmann was paid for caring for the swine and Roth was to receive 10 percent of the sale proceeds therefrom. Roth at all times remained the owner, but Bestmann had lawful possession of the swine. When Bestmann sold the hogs pursuant to the agreement but failed to turn the proceeds over to Roth, he converted the proceeds from the sale. Roth was never paid for the hogs, nor were they returned to him.

The proceeds from the sale of the hogs were converted by

Bestmann. Other jurisdictions faced with similar situations have held that the failure of a party to pay over the proceeds from the sale of livestock is conversion. See, *Alonso v. Badger*, 58 Cal. App. 2d 752, 138 P.2d 24 (1943); *Larsen v. Housh*, 259 Iowa 911, 146 N.W.2d 314 (1966).

While the term "theft" may, under some circumstances, include conversion, the term must be construed in the light of the specific exclusions contained in the insurance policy. *Raff, supra*. Where the insured's loss falls within specific exceptions contained in the policy, the court must apply the exception. *Thos v. Employers Mutual Cas. Co.*, 215 Neb. 424, 338 N.W.2d 784 (1983); *Raff, supra*; *Steinbach v. Continental Western Ins. Co.*, 237 N.W.2d 780 (Iowa 1976).

Whether the plaintiff's loss was covered by the insurance policy was a question of law. *Omaha Public Power Dist. v. Travelers Ind. Co.*, 178 Neb. 709, 135 N.W.2d 1 (1965). The defendant was entitled to judgment as a matter of law.

As noted in *Swedberg v. Battle Creek Mut. Ins. Co.*, 218 Neb. 447, 356 N.W.2d 456 (1984), an insurer may limit its own liability as long as it does not violate public policy. A court, in construing the provisions of an insurance policy, must determine from the clear language of the contract whether the insurer in fact insured against the risk involved.

The rules governing the construction of an insurance contract were set out in *Safeco Ins. Co. of America v. Husker Aviation, Inc.*, 211 Neb. 21, 317 N.W.2d 745 (1982), and repeated in *Swedberg*. The court said:

> "An insurance policy should be construed as any other contract to give effect to the intent of the parties at the time it was made. The language should be considered not in accordance with what the insurer intended the words to mean, but what a reasonable person in the position of insured would have understood them to mean. If the contract was prepared by the insurer and contains provisions reasonably subject to different interpretations, one favorable to the insurer and one advantageous to the insured, the one favorable to the latter will be adopted. There is, however, a difference between a favorable construction and a favorable finding for the insured. The

former does not mean imposing upon the insurer a gratuitous obligation not justified by the usual meaning of the words employed. In giving effect to this principle of law, it is imperative that the contract made by the parties shall be respected and that a new contract is not interpolated by construction. Construction ought not to be employed to make a plain agreement ambiguous for the purpose of interpreting it in favor of the insured. *The policy should be given meaning and effect according to the sense of the terms which the parties have used, and if they are clear they should be taken in their plain and ordinary sense.*"
(Emphasis supplied.) 218 Neb. at 450, 356 N.W.2d at 459.

Under the theft provision of the policy issued by the defendant, it is clear that conversion was specifically excluded from coverage. As there were no special circumstances which would render the exclusion inapplicable, the specific exclusion as to conversion limited the liability of the insurer and is controlling. See, 5 J. & J. Appleman, Insurance Law and Practice § 3171 (1970); *Modern Sounds & Systems, Inc. v. Federated Mut. Ins. Co.*, 200 Neb. 46, 262 N.W.2d 183 (1978).

Since the plaintiff did not recover judgment, it is unnecessary to consider his contention in regard to an attorney fee. See, *Omaha Paper Stock Co. v. California Union Ins. Co.*, 200 Neb. 31, 262 N.W.2d 175 (1978); *State Farm Fire & Cas. Co. v. Muth*, 190 Neb. 248, 207 N.W.2d 364 (1973); *State Farm Mut. Auto. Ins. Co. v. Selders*, 189 Neb. 334, 202 N.W.2d 625 (1972).

The judgment of the district court is affirmed.

AFFIRMED.