936 P.2d 1342

**Sandra PERRY, Plaintiff–Appellant,**

v.

**FARM BUREAU MUTUAL INSURANCE COMPANY OF IDAHO, Defendant–Respondent.**

**No. 23093.**

Court of Appeals of Idaho.

March 26, 1997.

Petition for Review Denied,
May 28, 1997.

Scot M. Ludwig and K. Kirstin Heffner (argued), Boise, for plaintiff–appellant.

Saetrum & Donnelly, Boise, for defendant–respondent. Rodney R. Saetrum, argued.

WALTERS, Chief Judge.

Sandra Perry brought an action against Farm Bureau Mutual Insurance Co. on a policy providing insurance coverage for loss of her personal property by theft. The action was dismissed on Farm Bureau's motion for summary judgment pursuant to the district court's conclusion that the theft at issue was in the nature of embezzlement or wrongful conversion, which was specifically excepted from coverage under the policy. After full consideration of the arguments presented on appeal and the applicable law, we reverse the order of the district court granting summary judgment to Farm Bureau.

The background for this case is as follows. Early in December 1994, Perry began sharing a home in Nampa, Idaho, with Roy Smith. After being out of town for approximately a week in May of 1995, Perry returned home to discover that numerous household items and personal property had been removed from the home. She later learned that Smith was responsible for taking the property, which Perry valued at $20,000.

Perry filed a claim of loss with her insurer, Farm Bureau, seeking to recover the value of the property taken from her home. The claim was denied under a provision in Perry's policy which provides coverage for: "10. *Theft,* including attempted theft and loss of property from a known location when it is likely that the property has been stolen.... The term 'theft' shall not include ... wrongful conversion or embezzlement....."

Perry brought suit in order to pursue her right to recover under the policy. Farm Bureau answered and denied that the claimed loss was covered under the theft provisions of the policy. Farm Bureau then moved for summary judgment on the specific exclusion for loss by wrongful conversion and embezzlement. Asserting that the plain meaning of "wrongful conversion" and "embezzlement" presupposes the converting of lawful possession into unlawful possession, Farm Bureau claimed that no genuine issue of material fact existed with regard to Smith's conversion of Perry's property and that Farm Bureau, therefore, was entitled to judgment as a matter of law.

The district court determined that there were no disputed issues of fact and that the conduct of Smith in this case would constitute embezzlement as it was defined in former I.C. § 18–2401, prior to the consolidation of theft offenses in Idaho in 1981.[1] Further, relying on an interpretation of a similar exclusionary clause in *Roth v. Farmers Mutual Ins. Co.*, 220 Neb. 612, 371 N.W.2d 289 (1985), the district court held that the terms "wrongful conversion and embezzlement" would exclude coverage of losses caused when a person in lawful possession of the insured's property converted that property to the person's own use. As a result, the district court determined that Smith's conduct would constitute wrongful conversion or embezzlement, thus excluding coverage for loss therefrom. The district court rejected Perry's contention that the exclusionary clause was ambiguous and found that the wording of the policy would show a person of average intelligence that "wrongful conversion and embezzlement" means something which can be distinguished from "theft."

On appeal, we exercise free review in determining whether a genuine issue of material fact exists. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App.1986). We will construe the facts in the record and draw all reasonable inferences in favor of the non-moving party. *Anderson v.*

*Ethington*, 103 Idaho 658, 660, 651 P.2d 923, 925 (1982).

In support of its motion for summary judgment, Farm Bureau attached Perry's statement to Farm Bureau's adjuster and her deposition, in which Perry stated that she and Smith had co-signed the lease on the home and that Smith was authorized to use her personal property. In her affidavit opposing the summary judgment, Perry again admitted that Smith was entitled to use her property, which was located in the home, but she averred that he was never given permission to take the property outside the home. The facts, therefore, were not in dispute.

The district court was not precluded from adjudicating the legal consequences to be drawn from undisputed facts. *See AID Ins. Co. v. Armstrong*, 119 Idaho 897, 900, 811 P.2d 507, 510 (Ct.App.1991). As noted by the district court, the issue to be resolved in the summary judgment proceeding was "whether the theft in this case constitutes 'wrongful conversion or embezzlement.' "

Words and phrases in a contract of insurance are used and intended to be used in the legal sense. *Rosenau v. Idaho Mutual Benefit Ass'n*, 65 Idaho 408, 145 P.2d 227 (1944). It has been held that:

> Where a word or phrase used in an insurance contract has a settled legal meaning or interpretation, that meaning or interpretation must be given even though other interpretations are possible.

*Mutual of Enumclaw v. Wilcox*, 123 Idaho 4, 8, 843 P.2d 154, 158 (1992), *quoting Stein–McMurray Ins. v. Highlands Ins. Co.*, 95 Idaho 818, 820, 520 P.2d 865, 867 (1974). Stated otherwise, not every word and phrase in an insurance contract needs to be defined in the contract. *Id.*

While questions of contract interpretation and meaning may become questions of fact only where there has been found to be ambiguity in the contract, questions of application of insurance policy language to specific situations necessarily must always be questions of fact, to be decided on a case-by-

---

1. Pursuant to the statute, embezzlement was "the fraudulent appropriation of property by a person

to whom it has been intrusted."

case basis, whether or not the provisions themselves are found to be ambiguous. *Foster v. Johnstone,* 107 Idaho 61, 65, 685 P.2d 802, 806. Furthermore, an insurance policy will generally be construed so that the insurer bears the burden of proving that the asserted exclusion is applicable. *Viani v. Aetna Ins. Co.,* 95 Idaho 22, 501 P.2d 706 (1972); *Harman v. Northwestern Mutual Life Ins. Co.,* 91 Idaho 719, 429 P.2d 849 (1967).

Farm Bureau urges that the district court properly adopted the proposition that the exclusion for "wrongful conversion and embezzlement" excludes from coverage losses caused when a person in lawful possession of the insured's property converts that property to the person's own use. *Roth,* 371 N.W.2d at 291; *Raff v. Farm Bureau Ins. Co. of Nebraska,* 181 Neb. 444, 149 N.W.2d 52, 55 (1967). *Roth* dealt with the failure of an agister [2] to pay over the proceeds from the sale of livestock, which conduct had been held, in other jurisdictions, to constitute unlawful conversion. *Roth,* 371 N.W.2d at 291. Accordingly, payment of the loss was denied under the insurance policy covering direct loss of livestock by theft but excluding loss by wrongful conversion. *Id.* In *Raff,* the terms in the exclusionary clause were defined by reference to dictionaries, case law and statutes. The *Raff* court reversed the denial of the insurance company's motion for directed verdict. The court concluded that the plaintiff's case failed to show that there was sufficient evidence to support a finding that the insured's hogs were stolen and that the "loss of" the hogs was other than by escape, which was not within the theft coverage. *Raff, supra.*

The elements of the crime of embezzlement were set forth as follows in an early Idaho case:

(1) the existence of fiduciary relations between the accused and the person injured of the character mentioned in the statute; and (2) the receipt and acquisition by the accused of the property of another by reason of that fiduciary relation.

*State v. White,* 46 Idaho 124, 131, 266 P. 415, 417 (1928). The then applicable statute, R.C. § 7065, simply defined embezzlement as "the fraudulent appropriation of property by a person to whom it has been intrusted." *See State v. Jones,* 25 Idaho 587, 605, 138 P. 1116, 1122 (1914). At the time of the issuance of the policy to Perry in 1994, however, "embezzlement" was but a category of "theft" enumerated in the current criminal statute, I.C. §§ 18–2403(2)(b).

■ When interpreting terms of an insurance policy, the trial court must determine what a reasonable person in the position of the insured would have understood the language to mean. *AID Ins. Co. v. Armstrong,* 119 Idaho at 900, 811 P.2d at 510. This, we believe, is what the district court attempted to do by looking to various dictionary definitions:

[W]ebster's New Encyclopedic Dictionary, (New York: Black Dog & Leventhal Publishers, Inc., 1993), p. 327, defines "embezzle" as "to take (property entrusted to one's care) dishonestly for one's own use." *Webster's New Universal Unabridged Dictionary* (New York: Barnes & Noble, Inc., 1992), p. 465, defines "embezzle" as, "to appropriate fraudulently to one's own use, as money or property entrusted to one's care." *Webster's New Word Dictionary* (sic) (New York: The World Publishing Co.1970, 2d college ed.) p. 456, defines "embezzle" as "to steal (money, etc. entrusted to one's care); take by fraud for one's own use." Finally, Noah Webster's first dictionary originally published in 1828 defines "embezzle" as "To appropriate fraudulently to one's own use what is entrusted to one's care and management.... N. Webster, *American Dictionary of the English Language* (republished San Francisco: Foundation for American Christian Education 7th ed.1993).

■ We are not persuaded that Smith's relationship with Perry was that of a fiduciary, whose duty it was to act primarily for the benefit of Perry *vis a vis* her property.

---

**2.** An "agister" is a person engaged in the business of pasturing of cattle as a bailee in consideration of an agreed price to be paid by the owner of the cattle. BLACKS LAW DICTIONARY 61 (6th ed.1990).

*White, supra.* Neither does the evidence suggest that Perry had intrusted her property to Smith. In the absence of such a special relationship, and having discovered no case law supporting the district court's conclusion that Smith's appropriation of Perry's property was embezzlement, we hold that the district court's conclusion was erroneous.

Conversion, though not specifically designated a crime in Idaho, has traditionally been recognized as a form of larceny. Current criminal statutes provide that "a person commits theft when he knowingly takes or exercises unauthorized control over, or makes an unauthorized transfer of an interest in, the property of another person, with the intent of depriving the owner thereof." I.C. § 18–2403(3)(1987). Clearly, the language of the statute corresponds to the tort of conversion in Idaho civil law, which tort has been defined as dominion over chattels by a person not the owner, in a manner inconsistent with the rights of the owner. *Gordon v. Noble,* 109 Idaho 1048, 1049, 712 P.2d 749, 750 (Ct.App.1986), *citing Schlieff v. Bistline,* 52 Idaho 353, 15 P.2d 726 (1932). *See also Southeast Sec. Co. v. Christensen,* 66 Idaho 233, 158 P.2d 315 (1945) (action for damages for wrongfully taking and converting to respondents' use nineteen hogs owned by appellant, which, having trespassed onto respondents' premises, were taken up and sold by respondents as estray hogs).

From these definitions, we are unable to distinguish wrongful conversion from theft, thus confounding the question of whether Perry's loss was within the coverage of the policy or was a loss to which the policy did not extend. Moreover, if we accept the insurer's asserted interpretation of the policy, the wrongful conversion exception swallows the rule, affording no coverage for loss from theft for which the policy was purchased.

We reiterate that the loss claimed by Perry was not the result of embezzlement and that Smith's appropriation of the property cannot be characterized as anything other than theft. We conclude, therefore, that the district court erred in applying the terms "wrongful conversion and embezzlement" to exclude coverage under the theft policy. On that basis, we reverse the order granting summary judgment to Farm Bureau and remand the matter to the district court for further proceedings.

Costs are awarded to appellant, Sandra Perry. No fees are awarded.

LANSING and PERRY, JJ., concur.