MEMORANDUM *
Linda Woodworth appeals the district court’s grant of summary judgment to Defendant-Appellee Stonebridge Life Insurance Co. in her breach of contract claim. Because the parties are familiar with the facts and procedural history, we will not recount it here. We have jurisdiction under 28 U.S.C. § 1291 and affirm.
I
This insurance dispute arises out of a tragic airplane accident in which flight instructor Roger Woodworth lost his life. Idaho law governs the interpretation of the contract in this case. Under Idaho law, the insurer has the burden of proving that an asserted exclusion applies. See Perry v. Farm Bureau Mut. Ins. Co. of Idaho, 130 Idaho 100, 936 P.2d 1342, 1345 (1997). In construing an insurance policy, we must “look to the plain meaning of the words to determine if there are any ambiguities.” Cascade Auto Glass, Inc. v. Idaho Farm Bureau Ins. Co., 141 Idaho 660, 115 P.3d 751, 754 (2005). “An insurance policy provision is ambiguous if it is reasonably subject to conflicting interpretations.” Id. (internal quotation marks omitted). If we find any ambiguities in the insurance policy, they must be construed against the insurer. Id. (citations omitted). However, “when confronted with ambiguous language in an insurance contract,” we “must *755 determine what a reasonable person would have understood the language to mean.” Mut. of Enumclaw Ins. Co. v. Roberts, 128 Idaho 232, 912 P.2d 119, 122 (1996).
The relevant policy provision excluded coverage for “Loss caused by or resulting from: ... an injury while the Covered Person is acting as a pilot or crew member in an aircraft.” Even construing ambiguities in this provision against Stonebridge and in favor of coverage, Plaintiffs husband’s death fell within the terms of the exclusion.
Plaintiff argues that it is unknown who was actually controlling the aircraft at the time it crashed, and that her husband, who was acting as a flight instructor, is not excluded from coverage unless Stone-bridge establishes that he was actually in control of the plane at the time of the crash.
Regardless of who was actually piloting the aircraft, summary judgment was properly granted on the ground that Mr. Woodworth was at least acting as a “crew member,” as that term is used in the policy. Although the term “crew member” was not defined in the contract, under both a reasonable layperson’s definition of the term, as well as the federal regulatory definition of the term, Mr. Woodworth was a “crew member.” See 14 C.F.R. § 1.1 (defining “crewmember” as “a person assigned to perform duty in an aircraft during flight time”). As the flight instructor and the only pilot certified to fly the twin-engine aircraft, Mr. Woodworth had duties related to the operation of the aircraft and was a “crew member” for purposes of the exclusion. See Travelers Ins. Co. v. Warner, 169 Colo. 391, 456 P.2d 732, 734 (1969) (insured was “serving as a member of crew” as pilot in command even if he did not actually do the piloting where he prepared and filed the flight plan, occupied the co-pilot seat from which he could assume pilotage at any time, and was more extensively licensed and skilled); cf. Am. Cas. Co. v. Mitchell, 393 F.2d 452, 454, 456 (8th Cir.1968) (observer during simulated search and rescue flight was not “member of crew” as a matter of law where he “ha[d] nothing to do with the plane’s operation” and was “responsible for noting unusual things, ground parties, and landmarks”); N.Y. Life Ins. Co. v. Atkinson, 241 F.2d 674, 676-77 (10th Cir.1957) (insured was not “crew member” as a matter of law where duties were to “search for uranium and other minerals” and the insured “did not take any part in [the aircraft’s] operation, maintenance, or upkeep”).
II
Stonebridge argues that it is entitled to attorney’s fees and costs on appeal. Stonebridge advances two arguments for the award of attorney’s fees, neither of which is persuasive.
Stonebridge argues it is entitled to attorney’s fees under Idaho Code § 12-120(3) because this is a civil action to recover on a contract. However, Idaho Code § 41-1839, entitled “Allowance of attorney fees in suits against insurers,” expressly states that “Section 12-120, Idaho Code, shall not apply to any actions between insureds and insurers involving disputes arising under any policy of insurance.” Idaho Code § 41-1839(4).
Under Idaho Code § 41-1839(4), “attorney’s fees may be awarded by the court when it finds, from the facts presented to it that a case was brought, pursued or defended frivolously, unreasonably or without foundation.” Plaintiff had an arguable basis in fact and law in pursuing the case and the appeal. Stonebridge is not entitled to fees.
*756 III
For these reasons, we conclude that the district court properly entered summary judgment in this case. Each side shall bear its own costs.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.