DAVID JOHN WINFIELD, APPELLEE, v. CIGNA COMPANIES, APPELLEE, AND LIFE INSURANCE COMPANY OF NORTH AMERICA, APPELLANT.

532 N.W.2d 284

Filed May 19, 1995.   No. S-93-870.

William T. Oakes and Michael A. Harsh, of Kennedy, Holland, DeLacy & Svoboda, for appellant.

David W. Jorgensen, of Nye, Hervert, Jorgensen & Watson, P.C., for appellee Winfield.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, and CONNOLLY, JJ.

LANPHIER, J.

Plaintiff–appellee, David John Winfield, initiated this action in the county court for Buffalo County to obtain medical expense benefits under an insurance contract issued by defendant–appellant, Life Insurance Company of North America (LINA). Pursuant to a motion for summary judgment filed by LINA, the county court held that the terms of the insurance contract were unambiguous. The insurance contract states that "treatment" must begin within 60 days of an injury. Winfield received only massages within 60 days. At issue is the policy definition of "treatment." The county court held that

Winfield was not entitled to benefits under the policy. Winfield appealed to the district court claiming that a condition of the insurance contract requiring that he obtain treatment not more than 60 days after an accident was ambiguous as to whether it included massages and should be construed against the insurer. On appeal, the district court held that the contract was ambiguous, reversed the county court's judgment, and remanded the case for further proceedings. From this judgment, LINA appealed to the Court of Appeals. We removed the case to this court in order to regulate the caseloads of the appellate courts. Although we find the contract unambiguous, we affirm the judgment of the district court because the county court erroneously concluded that LINA was entitled to judgment as a matter of law.

## BACKGROUND

The parties do not dispute that on February 8, 1991, Winfield injured his back at work. Neither do the parties dispute that the insurance policy which is the subject of this dispute was in force and effect at that time. At issue is the coverage of the policy, particularly what is referred to as "Coverage D: Medical Expense Benefit."

Coverage D provides the following:

> If a person is injured by one of the types of accidents described in Schedule IV, which happens while he is covered for this benefit, then we will pay this benefit for the *services* listed below, which he needs as a direct result of the injury, and from no other cause, within a year of the accident.
>
> a) Stays in a hospital.
> b) *Medical or surgical treatment* by a doctor.
> c) The services of licensed or graduate nurses.
> d) X–Ray examinations.
> e) Professional ambulance service from the scene of the accident to the nearest hospital.
>
> The *treatment* must begin not more than 60 days after the accident.
>
> The amount of this benefit will be the actual cost of these services, minus the deductible amount (if any) shown

on page 3. The deductible must be satisfied once for each accident.

This benefit will be reduced to the extent that benefits are payable for the medical services under: (i) any employer sponsored health care plan; or (ii) any government program or any law, including any Worker's Compensation law.

We will not pay more than the maximum amount shown on page 3, for all *medical treatment* needed as a result of any one accident.

(Emphasis supplied.)

On February 13, 1991, Winfield sought care for his injury from a licensed masseuse. On March 21, Winfield again sought the services of a masseuse. Then, on July 29, Winfield had surgery on his back. Winfield later made a claim for benefits, but LINA refused to pay any amount for Winfield's medical care because it claimed he did not begin treatment in 60 days as the policy required. Winfield then sued CIGNA. In an amended petition, LINA was substituted for the defendant CIGNA. The county court held that the policy was clear that medical or surgical treatment was required within 60 days, and since this was not done, no coverage was provided. On appeal, the district court held that the term "treatment" was ambiguous and sent the case back for a new trial.

## ASSIGNMENTS OF ERROR

On appeal, LINA asserts the district court erred (1) in failing to find that the insurance contract was not ambiguous and (2) in failing to find that the insurance contract was clear on its face and presented no genuine issue of material fact, and thereby in not affirming the judgment of the county court.

## STANDARD OF REVIEW

In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Cimino v. FirsTier Bank*, 247 Neb. 797, 530 N.W.2d 606 (1995). Summary judgment is to be granted only when the pleadings, depositions, admissions, stipulations, and affidavits in the

record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Id.* Regarding questions of law, an appellate court has an obligation to reach a conclusion independent of that of the trial court. *Curtis O. Griess & Sons v. Farm Bureau Ins. Co.*, 247 Neb. 526, 528 N.W.2d 329 (1995).

## ANALYSIS

The first issue in this appeal is whether the insurance contract is ambiguous. Whether an insurance contract is ambiguous and therefore in need of construction is a question of law. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995). A contract is ambiguous when a word, phrase, or provision in the contract has, or is susceptible of, at least two reasonable but conflicting interpretations or meanings. *Id.* While an ambiguous insurance policy will be construed in favor of the insured, ambiguity will not be read into policy language which is plain and unambiguous in order to construe it against the preparer of the contract. *Id.*

Coverage D begins by explaining that if an insured is injured by an accident described in the policy, then benefits will be paid for certain "services." A list of covered "services" follows. One of the items in that list of "services" is "Medical or surgical *treatment* by a doctor." (Emphasis supplied.) The contract then provides the following: "The *treatment* must begin not more than 60 days after the accident." (Emphasis supplied.) The word "treatment" is not defined in the policy. The term is sometimes qualified or limited as in "medical and surgical treatment" and "medical treatment." The "treatment" to begin in 60 days is not so qualified.

LINA submits the "treatment" which must begin not more than 60 days after the accident is any of the covered "services." In its brief, LINA states the following:

> Coverage D specifically enumerates the only *services* which are considered to be *treatment* and does so within the context of a single paragraph. They are as follows: Stays in a hospital, medical or surgical treatment by a doctor, the services of licensed or graduate nurses, X-ray

examinations and professional ambulance service from the scene of the accident to the nearest hospital.

(Emphasis supplied.) Brief for appellant at 9–10. LINA's definition is not supported by a reading of the insurance contract. The insurance contract simply does not define the term "treatment" as "services" as LINA contends.

There is no reason to give "treatment" a special definition within this contract. When the drafter wished to limit "treatment," it did so. When LINA wished to limit covered services to "medical or surgical treatment by a doctor," it did so. In the questioned provision, no words qualifying or limiting "treatment" were used. Nor were they necessary. The contract is unambiguous. Under the contract, "treatment" must begin not more than 60 days after the accident if benefits are to be awarded for covered services. The contract is silent as to what type of "treatment" must begin. Therefore, if any type of "treatment" begins not more than 60 days after the accident, that condition of the policy has been met.

Thus, the next issue is whether "treatment" was begun not more than 60 days after the accident. As it is commonly used, "treatment" means "management in the application of medicines, surgery, etc." Webster's Encyclopedic Unabridged Dictionary of the English Language 1509 (1994). It is not limited to services rendered by a medical doctor. The policy recognizes this when it modifies or limits the term.

Winfield engaged the services of a masseuse only 5 days after his injury. Given the common usage of the word, a massage would constitute "treatment" for the purposes of satisfying the insurance contract's 60–day provision. A reasonable person in the place of the insured would interpret a massage to be "treatment." Thus, the 60–day provision of the insurance contract has been complied with. Therefore, Winfield would be entitled to benefits for covered services, assuming the other conditions of the contract have been met.

The county court erred in concluding that Winfield was not entitled to any benefits under the insurance contract. The district court's reversal of the county court was therefore proper, notwithstanding that the district court reversed for the wrong reason. See *Healy v. Langdon*, 245 Neb. 1, 511 N.W.2d 498

(1994) (a proper result will not be reversed merely because it was reached for the wrong reason).

## CONCLUSION

The district court erroneously determined that the insurance contract was ambiguous. However, the district court properly reversed the judgment of the county court and remanded the case for further proceedings. We, therefore, affirm the judgment of the district court.

AFFIRMED.