FARM BUREAU INSURANCE COMPANY OF NEBRASKA, APPELLEE,
v. EUGENE BIERSCHENK ET AL., APPELLANTS, AND RICHARD
CLEMANS AND FARMERS MUTUAL INSURANCE COMPANY OF
NEBRASKA, APPELLEES.

548 N.W.2d 322

Filed May 31, 1996.   No. S-94-874.

John Thomas for appellants.

C.J. Gatz, of Jewell, Gatz, Collins, Fitzgerald & DeLay, for appellee Farm Bureau Ins. Co.

WHITE, C.J., FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

FAHRNBRUCH, J.

In an action for declaratory judgment, Farm Bureau Insurance Company of Nebraska (Farm Bureau) sought to

enjoin its insureds, Eugene and Darlene Bierschenk (Bierschenks), and their son, Lynn E. Bierschenk, from claiming any right to relief from Farm Bureau as a result of an automobile accident that occurred after the due date and before payment on the renewal premium of the automobile liability policy issued to the Bierschenks.

Upon stipulated facts, the trial court ruled in favor of Farm Bureau and enjoined the Bierschenks and Lynn Bierschenk from claiming any rights under Farm Bureau's insurance policy which is involved in this action. The Bierschenks and Lynn Bierschenk appealed to the Nebraska Court of Appeals. We removed this case to our docket pursuant to our power to regulate the caseloads of the lower courts.

We affirm the decision of the district court for Pierce County because Farm Bureau was not contractually obligated to insure the Bierschenks or Lynn Bierschenk for an automobile accident which occurred while the renewal premium was more than 10 days past due.

## ASSIGNMENT OF ERROR

Restated, the Bierschenks and Lynn Bierschenk claim that the trial court erred in holding that the Farm Bureau automobile liability policy issued to the Bierschenks did not insure them at the time of the automobile accident in question.

## STANDARD OF REVIEW

The construction of an insurance contract or policy is a question of law, in connection with which an appellate court has an obligation to reach an independent conclusion irrespective of the determination made by the court below. *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995).

When a declaratory judgment action presents a question of law, an appellate court has an obligation to reach its conclusion independent from the conclusion reached by the trial court with regard to that question. *Columbia Nat. Ins. v. Pacesetter Homes*, 248 Neb. 1, 532 N.W.2d 1 (1995).

## FACTS

Farm Bureau petitioned the trial court for a declaratory judgment which also sought to enjoin its insureds, the Bierschenks, and Lynn Bierschenk from claiming any right, title, or interest against Farm Bureau or from asserting any claim against Farm Bureau arising from an automobile accident which occurred 3 days before Farm Bureau received payment on a past-due renewal premium on the automobile liability insurance policy Farm Bureau had issued to the Bierschenks. It was stipulated that Farm Bureau received the renewal premium from the Bierschenks 15 days after payment was due.

The parties stipulated the following facts: Farm Bureau issued to the Bierschenks an automobile liability insurance policy with a policy period of September 11, 1989, to March 11, 1990. The renewal premium on the policy was due March 11, 1990. The Bierschenks mailed the renewal premium on March 20. On March 23, Lynn Bierschenk, operating an automobile owned by the Bierschenks and insured under the Farm Bureau automobile liability insurance policy, was involved in a one-car automobile accident along with his passenger, Richard Clemans. On March 26, 15 days after the renewal premium due date, Farm Bureau received and accepted the Bierschenks' payment on the renewal premium. The envelope in which the Bierschenks' payment was mailed is postmarked March 24. On March 29, the Bierschenks filed a claim with Farm Bureau regarding the March 23 accident, which claim Farm Bureau denied because of the nonpayment of premium until after the time of the accident. On February 25, 1993, Clemans filed a lawsuit against the Bierschenks and Lynn Bierschenk to recover damages for injuries Clemans sustained as a result of the March 23, 1990, accident, which Clemans alleged was caused by negligence on the part of Lynn Bierschenk.

The Farm Bureau policy issued to the Bierschenks states:

If *you* pay the renewal premium more than 10 days, but less than 30 days after the expiration date of the previous policy period and *we* accept it, *we* shall reinstate the policy for the balance of the policy period for which the pay-

ment was made. The premiums shall be fully earned at the end of such period.

*When the premium is paid more than 10 days after the expiration date of the previous policy period, we shall not be liable for any accident, occurrence, or loss that takes place between the expiration date of the previous policy period and the date we received and accepted the renewal premium.*

(Emphasis supplied.)

The trial court found that the above policy language clearly and unambiguously excluded coverage for incidents arising before Farm Bureau received and accepted payment for the policy renewal. The trial court ruled in favor of Farm Bureau's action for declaratory judgment and injunction.

## ANALYSIS

In appellate review of an insurance policy, the policy must be construed as any other contract and effect must be given to the parties' intentions at the time the contract was made. Where the terms of such a contract are clear, they are to be accorded their plain and ordinary meaning. *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995). It should be read to avoid ambiguities, if possible, and the language should not be tortured to create them. *Howard v. Blue Cross Blue Shield*, 242 Neb. 150, 494 N.W.2d 99 (1993). When an insurance contract can fairly be interpreted in more than one way, there is ambiguity to be resolved by the court as a matter of law. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995). Ambiguity will not be read into insuring language which is plain and unambiguous in order to construe it against the preparer of the contract. *John Markel Ford v. Auto-Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173 (1996).

We have previously upheld an automobile liability insurance contract which denied coverage until the insurer received and accepted the past-due renewal premium. See *Sampson v. State Farm Mut. Ins. Co.*, 205 Neb. 164, 286 N.W.2d 746 (1980). The Farm Bureau automobile liability policy issued to the Bierschenks is plain and unambiguous. It provided unequivo-

cally that if the renewal premium was received and accepted by Farm Bureau more than 10 days but less than 30 days after the previous policy period expired, Farm Bureau would not be liable for accidents that had taken place between that expiration date and the date that Farm Bureau accepted the renewal premium. Farm Bureau received the Bierschenks' renewal premium 15 days after the previous policy period expired. The accident occurred 3 days before Farm Bureau received the premium. According to the plain language of the insurance contract, Farm Bureau could not be held liable for any claims arising from the accident in question. The parties to an insurance contract may contract for any lawful coverage, and the insurer may limit its liability and impose restrictions and conditions upon its obligation under the contract not inconsistent with public policy or statute. *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996).

The Bierschenks argue that the Farm Bureau clause violates public policy because the insurer is charging a premium and not providing coverage. This argument lacks merit. In *Houston v. Farmers & Merchants' Ins. Co.*, 64 Neb. 138, 89 N.W. 635 (1902), we reviewed a contract in which the failure to pay the premium when due suspended the insurance policy until the date at which full payment of the premium was made. In holding that the insurance contract was enforceable, we stated:

> It is but fair and just that while the insured is in default of the payment of his note, the company should not be liable for loss, when the parties have so agreed. We have no right to make a new contract for them, or refuse to enforce the one they have made.

*Id.* at 142-43, 89 N.W. at 636. There is no public policy to be served by ignoring the insurance contract agreed upon by Farm Bureau and the Bierschenks. In the realm of insurance, courts must be especially careful when basing their decisions on public policy, because insurance is a matter of contract, not sympathy. *Howard v. Blue Cross Blue Shield, supra.* Moreover, in an area so pervasively regulated, it is not the function of the judiciary to second-guess the wisdom, policy, or expediency of legislative enactments. See *State Farm Mut. Auto Ins. Co. v. Hildebrand*, 243 Neb. 743, 502 N.W.2d 469 (1993)

(Shanahan, J., concurring), quoting *State v. Two IGT Video Poker Games*, 237 Neb. 145, 465 N.W.2d 453 (1991).

Finally, the Bierschenks argue that Farm Bureau's insurance contract violates Neb. Rev. Stat. § 60-302 (Reissue 1988). The record does not reflect that this argument was presented to the trial court. Defenses not raised or litigated in the trial court cannot be urged for the first time on appeal. *Preisendorf v. Mettenbrink*, 232 Neb. 558, 441 N.W.2d 203 (1989). In any event, § 60-302 has no relevance to the case at bar because it requires proof of financial responsibility or evidence of insurance, which includes policy effective dates, in order to register a motor vehicle.

## CONCLUSION

Pursuant to the plain language of the insurance contract, Farm Bureau is not liable for claims arising from an accident which occurred before Farm Bureau received and accepted the renewal premium from the claimants which was past due more than 10 days beyond the expiration of the previous policy. The trial court's decision is affirmed.

AFFIRMED.

CAPORALE, J., participating on briefs.