GEORGE P. BURKE, APPELLEE, V. BLUE CROSS BLUE SHIELD OF NEBRASKA, A CORPORATION, ET AL., APPELLANTS.

558 N.W.2d 577

Filed January 31, 1997.    No. S-94-777.

James W. Ellison, of Holtorf, Kovarik, Ellison & Mathis, P.C., for appellants.

George P. Burke, pro se.

WHITE, C.J., CAPORALE, FAHRNBRUCH, LANPHIER, WRIGHT, CONNOLLY, and GERRARD, JJ.

PER CURIAM.

The defendants have appealed a district court judgment awarding George P. Burke $17,727.67 as reimbursement for money Burke spent for family health insurance premiums while serving as a deputy county attorney in Kimball County.

We affirm the judgment of the Kimball County District Court.

## ASSIGNMENTS OF ERROR

Restated, the defendants contend the district court erred in (1) granting summary judgment as to liability when a question of fact remained, (2) interpreting the insurance policy, (3) treating Burke the same as an elected official for insurance purposes, and (4) determining Burke had fulfilled the eligibility requirements of the insurance policy.

## STANDARD OF REVIEW

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Larkin v. Ethicon, Inc., ante* p. 169, 556 N.W.2d 44 (1996).

When a declaratory judgment action presents questions of law, an appellate court, regarding questions of law, has an obli-

gation to reach its conclusion independent from the conclusion reached by the trial court. *Hauserman v. Stadler, ante* p. 106, 554 N.W.2d 798 (1996); *Woodmen of the World Life Ins. Soc. v. Yelich*, 250 Neb. 345, 549 N.W.2d 172 (1996).

The interpretation and construction of an insurance contract or policy involve questions of law in connection with which an appellate court has an obligation to reach its conclusions independent of the determinations made by the court below. *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996).

## FACTS

At all relevant times herein, the defendant Kimball County provided group health insurance to its full- and part-time employees through the defendant Nebraska Association of County Officials (NACO), which contracted with the defendant Blue Cross Blue Shield of Nebraska (Blue Cross) as the insurer.

On May 15, 1989, Burke was appointed deputy county attorney for Kimball County. As a deputy county attorney, Burke received a monthly check for a fixed amount. He was on call 24 hours a day, 7 days a week, 52 weeks a year. During the time he was a deputy county attorney, he was permitted to maintain a private law practice.

On September 10, 1990, Burke applied for Blue Cross group health insurance coverage as a full-time employee of Kimball County. On October 15, Blue Cross denied Burke coverage, stating there was no proof that he was a full-time employee of Kimball County. On January 22, 1991, Burke filed another application for group health insurance coverage. Blue Cross denied the second application.

Thereafter, on August 3, 1992, Burke filed an amended declaratory judgment petition in the district court seeking to establish his right to health insurance coverage as a Kimball County employee. Burke contended that he and his family were entitled to group health insurance coverage because he was a full-time employee of Kimball County and that having been denied the requested coverage, he was forced to purchase, at his own expense, other health insurance from Blue Cross at comparatively unfavorable rates and terms.

On August 6, 1993, following a hearing, the district court granted Burke's motion for summary judgment on the issue of liability. Specifically, the district court concluded that Burke was a public official analogous to an elected county commissioner, serving as deputy county attorney 24 hours a day, 7 days a week, 52 weeks a year, and as such, Burke was entitled to full group health insurance coverage provided by Blue Cross at the expense of Kimball County. In its journal entry, the judge stated, "[T]he court will hold a further hearing for the determination of plaintiff's damages, costs, and attorneys fees, if any." On July 26, 1994, following a hearing, the court awarded Burke damages in the amount of $17,727.67 with interest, but denied him attorney fees.

On August 22, 1994, the defendants appealed the trial court's judgment to the Nebraska Court of Appeals. We removed the case to this court's docket pursuant to the authority granted to us by Neb. Rev. Stat. § 24-1106(3) (Reissue 1995) to regulate the dockets of the appellate courts of this state.

## JURISDICTION

Before addressing the defendants' assignments of error, we address the threshold issue of whether this court has jurisdiction to consider the district court's August 6, 1993, partial summary judgment which holds the defendants liable to Burke for certain funds he expended to procure health insurance for himself and his family. Burke claims that the defendants should have filed an appeal regarding the summary judgment within 30 days of its entry. The defendants waited more than a year, until August 22, 1994, to appeal the district court's summary judgment. However, the appeal was filed within 30 days after the district court awarded Burke damages.

To be final, an order must ordinarily dispose of the whole merits of the case. When no further action of the court is required to dispose of a pending cause, the order is final. If the cause is retained for further action, the order is interlocutory. See, *Moulton v. Board of Zoning Appeals, ante* p. 95, 555 N.W.2d 39 (1996); *Currie v. Chief School Bus Serv.*, 250 Neb. 872, 553 N.W.2d 469 (1996). An interlocutory summary adjudication of liability alone, which does not decide the question of

damages, is not appealable. See, *Olsen v. Olsen*, 248 Neb. 393, 534 N.W.2d 762 (1995); *Jaramillo v. Mercury Ins. Co.*, 242 Neb. 223, 494 N.W.2d 335 (1993), *abrogated on other grounds by Powell v. American Charter Fed. Sav. & Loan Assn.*, 245 Neb. 551, 514 N.W.2d 326 (1994).

On August 6, 1993, at the time of entering summary judgment against the defendants on the issue of liability, the trial court retained the issue of damages for later disposition. The court entered a judgment of damages on July 26, 1994. Until that time, the summary judgment order remained interlocutory. Thus, the defendants' August 22, 1994, appeal was timely, and this court has jurisdiction in this matter. Burke's challenge to this court's jurisdiction is meritless.

## ANALYSIS

In their first assignment of error, the defendants contend the district court erred by granting partial summary judgment when a question of material fact remained in dispute. We disagree.

The only material fact before the trial court was the number of hours per week that Burke worked as Kimball County's deputy county attorney. This fact was never in dispute. The record reflects that Burke admitted he actually worked fewer than 17½ hours each week as deputy county attorney. Neither is there any dispute that Burke, as a deputy county attorney, was on call or subject to call 24 hours a day, 7 days a week, 52 weeks a year.

Under the circumstances of this case, whether Burke was a full-time employee and, thereby, eligible for full group health insurance coverage is a question of law.

Under their second assignment of error, the defendants contend the district court erred in interpreting the insurance policy. On appeal, neither side in this lawsuit has contended that the insurance policy is ambiguous. Each side merely seeks to have the term "full time," as it applies to a county employee, interpreted to its benefit. There is no dispute that the insurance policy involved in this litigation does, in fact, cover Kimball County's full-time employees.

The defendants contend that Burke must actually work at least 17½ hours each week to qualify as a full-time employee of

Kimball County in order to be covered under the terms of the insurance policy between Blue Cross and NACO and Kimball County. In support of their contention, the defendants cite language from the insurance policy which states, in relevant part, "An employee will be eligible for coverage . . . for so long as such employee continues to work a minimum of _-_ hours per week (must be at least 17½ hours) on a regular calendar year basis," as well as language from the applicant's enrollment form which states, in relevant part, "Date Employed Full Time with Group (17½ Hours or more per week)."

In appellate review of an insurance policy, the policy must be construed as any other contract, and effect must be given to the parties' intentions at the time the contract was made. When the terms of such a contract are clear, they are to be accorded their plain and ordinary meaning. *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996).

A review of the record demonstrates that the insurance policy involved here does not contain an explicit, limiting definition of full-time employee. Since the class of full-time employees is not limited by the plain language of the insurance policy, the deputy county attorney's job does not prevent Burke from qualifying for insurance coverage.

Under their third assignment of error, the defendants contend the district court erred by finding that Burke should be treated the same as an elected official for insurance purposes. Whether a deputy county attorney who is on call 24 hours a day, 7 days a week, 52 weeks a year, is a full-time employee is a question of first impression in this state.

Typically, a full-time employee is a person engaged in work for a designated period each day, each week, or each year. The expression "full-time employee" is also used to distinguish certain workers from others, e.g., full-time employees from part-time, migrant, seasonal, or temporary employees.

In *Harlan v. Washington Nat. Ins. Co.*, 388 Pa. 88, 92, 130 A.2d 140, 143 (1957), the Pennsylvania Supreme Court, discussing whether a seasonal or transitory employee was a full-time employee within the context of a group insurance policy, stated:

*Full-time employment* does not mean full-time pay. It *means being available for full employment*; and full employment does not mean a hand at the helm throughout the entire voyage; it means standing by to take over when the exigencies of the passage require the application of one's skill acquired over many journeys of the past.

(Emphasis supplied.) See *Bakkensen v. Hancock M. Life Ins. Co.*, 222 Or. 484, 353 P.2d 558 (1960). See, also, *Great-West Life Assurance Company v. Levy*, 382 F.2d 357, 360 (10th Cir. 1967) (question of regular, full-time, and active employment must be judged with reference to duties or services of employee in question).

We adopt this definition with reference to a deputy county attorney who is on call 24 hours a day, 7 days a week, 52 weeks a year. Although a deputy county attorney's duties may not be limited to the hours between 8 a.m. and 5 p.m., he is not automatically a full-time employee upon assuming office. See, e.g., Neb. Rev. Stat. § 23-1212 (Reissue 1991) (envisioning existence of part-time deputy county attorney). We hold, however, as a matter of law, that a deputy county attorney who is on call 24 hours a day, 7 days a week, 52 weeks a year, is a full-time employee.

The record reveals, and the defendants admitted during oral argument before this court, that Burke was on call or subject to call 24 hours a day, 7 days a week, 52 weeks a year, even though his services might go unused. Although Burke concurrently held a job in the private sector, he received a monthly check in a fixed amount for his services as deputy county attorney without regard to the number of hours he worked. As the *Harlan* court stated, "An employee may not actually appear on the premises of his employer for a protracted period of time and still be a full-time employee." 388 Pa. at 90, 130 A.2d at 142. We, therefore, hold, as a matter of law, that Burke was a full-time employee of Kimball County.

Under their fourth assignment of error, the defendants contend the district court erred by finding that Burke fulfilled the eligibility requirements of the insurance policy. We disagree.

As a full-time Kimball County employee, Burke was eligible under the terms of the insurance policy to receive full group

health insurance coverage. The district court did not err in so concluding.

## CONCLUSION

As a matter of law, at all relevant times involved in this litigation, Burke has been a full-time employee of Kimball County and, therefore, eligible for full group health insurance coverage under the terms of the insurance policy involved here. The judgment of the district court is affirmed.

AFFIRMED.