FRANCIS L. KAST, PERSONALLY AND AS
PERSONAL REPRESENTATIVE OF THE ESTATE OF
DALLAS ALLEN KAST, ET AL., APPELLEES, V.
AMERICAN-AMICABLE LIFE INSURANCE COMPANY OF TEXAS,
A CORPORATION, APPELLANT.

559 N.W.2d 460

Filed February 7, 1997.   No. S-94-1090.

Terrance O. Waite, Susan C. Williams, and Todd R. McWha, of Murphy, Pederson, Waite, Williams & McWha, for appellant.

James J. Paloucek and Royce E. Norman for appellees.

White, C.J., Caporale, Fahrnbruch, Lanphier, Wright, Connolly, and Gerrard, JJ.

Per Curiam.

Appellees, the surviving parents of Dallas Allen Kast and Connie Lynn Kast, personally and/or as personal representatives of their estates, sued appellant, American-Amicable Life Insurance Company of Texas (American Life), in Dawson County District Court for amounts payable under a life insurance policy. The applicable part of the policy provides that "[American Life] **WILL PAY** the amount determined from the Schedule of Death Benefits *per Unit as shown herein,* based on the then attained age of the Spouse [Connie Kast]. The number of Units of Insurance . . . is shown on page 3 . . . ." (Emphasis supplied.) Page 3 defines the number of units as "5." American Life claims the amount due is that amount shown on the schedule of death benefits. Appellees claim the amount due is that shown on the schedule of death benefits "per Unit," or five times as much. American Life argues that "per Unit" is one element of the larger clause, which includes "as shown herein." Thus, the suit arises out of the interpretation of the phrase or reference to "per Unit as shown herein" in a section of the applicable insurance policy. The Dawson County District Court found no issues of material fact, granted appellees' motion for summary judgment, and denied American Life's motion for summary judgment. Specifically, the district court found that the plain language of the insurance policy entitled appellees to the judgment they were seeking and entered an order for payment to appellees in the amount moved for, $286,000, plus prejudgment interest, costs, and attorney fees. American Life appealed, stating that the district court erred as a matter of law in its interpretation of the clause contained in the "Family Insurance Agreement," in finding that the policy was an adhesion contract, in determining that there was an ambiguity in the policy language, in granting appellees' motion for summary

judgment and denying American Life's motion for summary judgment, and in awarding five times the amount of coverage contracted for upon the life of the insured's spouse. American Life also assigns that the district court erred in refusing to receive into evidence the affidavits of Robert A. Phares and Joe W. Dunlap; that the district court erred in refusing to give "'much weight'" to the affidavit and supplemental affidavit of Madine Chaney which were received into evidence; and that the district court's ruling was neither supported by the evidence nor sustained by sufficient evidence and was contrary to law. We removed the case from the Court of Appeals' docket pursuant to our power to regulate the docket of the Court of Appeals. We reverse.

## BACKGROUND

On or about September 1, 1989, American Life issued a life insurance policy to Dallas Kast which, in part, was a life insurance policy on the life of his spouse, Connie Kast. As to Connie Kast, the policy states:

> [American Life] **WILL PAY** the amount determined from the Schedule of Death Benefits per Unit as shown herein, based on the then attained age of the Spouse [Connie Kast], upon receipt of due proof that the death of the Spouse occurred: (a) while this Agreement was in force; and (b) prior to the Expiry Date of this Agreement. The number of Units of Insurance under this Agreement is shown on page 3 of the Policy. The Expiry Date of this Agreement is the Policy anniversary nearest the Insured's attained age 65.

All premiums were timely paid as of March 16, 1991. On that date, in the second year of the policy, Connie Kast died, along with her husband and son. Under the schedule of death benefits, the second year death benefit dropped from $73,250 to $71,500. Under the schedule of death benefits, the policy shows the number of units of insurance under the agreement as "5.000." American Life was notified of the deaths and subsequently paid $71,500 and interest. Appellees filed suit, stating that the correct payment was $71,500 multiplied by the number of units, 5. The district court found that the plain language of

the insurance policy entitled appellees to the judgment they were seeking and entered an order for payment to appellees in the amount moved for, $286,000, plus prejudgment interest, costs, and attorney fees.

## ASSIGNMENTS OF ERROR

American Life assigns as error:

1. The District Court erred as a matter of law in its interpretation of the clause contained in the Family Insurance Agreement . . . .

2. The District Court erred as a matter of law in finding that the policy was an adhesion contract.

3. The District Court erred as a matter of law in determining that there was an ambiguity in the policy language.

4. The District Court erred as a matter of law in granting the plaintiffs' summary judgment motion and denying the defendant's Motion for Summary Judgment.

5. The District Court erred in refusing to receive into evidence the affidavits of Robert A. Phares and Joe W. Dunlap.

6. The District Court erred in refusing to give "much weight" to the affidavit and supplemental affidavit of Madine Chaney which were received into evidence . . . .

7. The District Court's ruling was not supported by the evidence.

8. The trial court's decision is not sustained by sufficient evidence and is contrary to law.

9. The trial court erred as a matter of law in awarding five times the amount of coverage contracted for upon the life of the insured's spouse.

## STANDARD OF REVIEW

The interpretation and construction of an insurance contract or policy involve questions of law, in connection with which an appellate court has an obligation to reach its conclusions independent of the determinations made by the court below. *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996); *Standard Fed. Sav. Bank v. State Farm*, 248 Neb. 552, 537 N.W.2d 333 (1995); *Columbia Nat. Ins. v. Pacesetter*

*Homes*, 248 Neb. 1, 532 N.W.2d 1 (1995); *Katskee v. Blue Cross/Blue Shield*, 245 Neb. 808, 515 N.W.2d 645 (1994).

### ANALYSIS

The parties are arguing over the interpretation of the reference to the words "per Unit" in the applicable section of the policy. American Life argues that $71,500 is the total payment due; appellees argue, and the district court found, that 5 units of $71,500 (5 times $71,500) were payable in the second year of the policy.

American Life attempted to introduce affidavits of individuals who attempted to explain the terms of the policy. Those individuals were Phares, an insurance agent, and Dunlap, vice president in charge of policy administration for American Life, but the court rejected the affidavits. The court did accept the affidavit of Chaney, the individual who issued the policy to Dallas Kast.

This court has held that whether an insurance contract is ambiguous and therefore in need of construction is a question of law. *Winfield v. CIGNA Cos.*, 248 Neb. 24, 532 N.W.2d 284 (1995). If we find that an insurance policy is ambiguous, then we may employ rules of construction and look beyond the language of the policy to ascertain the intention of the parties. A general principle of construction, which has been applied to ambiguous insurance policies, holds that an ambiguous policy will be construed in favor of the insured. However, we will not read an ambiguity into policy language which is plain and unambiguous in order to construe it against the insurer. *John Markel Ford v. Auto-Owners Ins. Co.*, 249 Neb. 286, 543 N.W.2d 173 (1996); *Winfield v. CIGNA Cos., supra*; *Katskee v. Blue Cross/Blue Shield, supra.*

When an insurance contract can fairly be interpreted in more than one way, there is ambiguity to be resolved by the court as a matter of law. *Farm Bureau Ins. Co. v. Bierschenk, supra.* The policy stated that "[American Life] **WILL PAY** the amount determined from the Schedule of Death Benefits per Unit as shown herein . . . ." We find that the contract language cannot be fairly interpreted in more than one way and that there is no ambiguity. The plain meaning of the document is in the words of the contract.

Finding that the term is unambiguous leads us to the rule that interpretation of an unambiguous term or provision in an insurance policy also presents a question of law. *Allied Mut. Ins. Co. v. State Farm Mut. Auto. Ins. Co.*, 243 Neb. 779, 502 N.W.2d 484 (1993); *National Am. Ins. Co. v. Continental Western Ins. Co.*, 243 Neb. 766, 502 N.W.2d 817 (1993).

Reflecting upon the unambiguous term or provision, we are reminded that an insurance policy is to be construed as any other contract to give effect to the parties' intentions at the time the contract was made. When the terms of the contract are clear, a court may not resort to rules of construction, and the terms are to be accorded their plain and ordinary meaning as the ordinary or reasonable person would understand them. In such a case, a court shall seek to ascertain the intention of the parties from the plain meaning of the policy. *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996); *Mendenhall v. Grantzinger*, 249 Neb. 847, 546 N.W.2d 775 (1996); *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996); *Katskee v. Blue Cross/Blue Shield*, 245 Neb. 808, 515 N.W.2d 645 (1994); *Decker v. Combined Ins. Co. of Am.*, 244 Neb. 281, 505 N.W.2d 719 (1993).

The plain language of the policy shows the amount determined is derived "from the Schedule of Death Benefits per Unit as shown herein . . . ." Appellees focus on the words "per Unit" to justify the argument that they are entitled to five times the amount shown on the schedule of death benefits. Appellee is shown to have 5 "units." This is clearly not what is articulated by the totality of the plain language of the clause.

The plain language of the clause states that appellees are entitled to "the amount determined from the Schedule of Death Benefits per Unit as shown herein . . . ." The amount has been determined and is shown in the policy on the schedule of death benefits. The words "per Unit" are only one element of the clause, and they cannot be taken out of context or divorced from the rest of the sentence. The phrase "as shown herein" is also an element of the clause, and when the clause is read in its entirety, appellees are entitled to receive only the $71,500.

There is absolutely no mention of taking the amount determined on the schedule of death benefits and then multiplying it

by the number of units of insurance mentioned in the policy. American Life has already computed the total amount due and payable to each beneficiary of the spouse for the convenience of the parties, and it is shown on the schedule of death benefits in this case to be $71,500. We therefore hold that the district court was in error in its finding that the amount payable was five times $71,500. We hold that the amount payable was $71,500.

We further hold that the district court was not in error in refusing to admit the two affidavits offered by American Life. The affidavits attempted to interpret the plain meaning of the contract language, which is the province of the court as a matter of law. *Farm Bureau Ins. Co. v. Bierschenk, supra*; *Mendenhall v. Grantzinger, supra*; *Leader Nat. Ins. v. American Hardware Ins., supra*; *Katskee v. Blue Cross/Blue Shield, supra*; *Decker v. Combined Ins. Co. of Am., supra.*

## CONCLUSION

The judgment of the trial court was incorrect, and we therefore reverse.

REVERSED.

CONNOLLY, J., concurs in the result.

LANPHIER, J., dissenting.

I dissent from the majority opinion because I believe that a reasonable person would read the spousal clause and understand that the words "[American Life] **WILL PAY** the amount determined from the Schedule of Death Benefits per Unit as shown herein" to mean that American Life would pay whatever amount appears on the schedule of death benefits, multiplied by the number of units purchased. The amount shown on the schedule of death benefits is $71,500, and the number of units shown is 5.

Neither the amount of premiums paid nor the policy payoff limits or overrules the clear language contained within the policy. American Life argues that a reading of the policy in its entirety should govern over the plain language. The evidence presented showed that Dallas Kast completed a military application for insurance to American Life. The face amount specified on the policy was $100,000 for Dallas Kast. Also insured

were the lives of his wife, Connie Kast, and his son, Dallas, Jr., under a rider to the policy. American Life argues that since Dallas Kast was insured for only $100,000, his wife could not reasonably be expected to be insured for $357,500 on a rider to his policy.

It is true that there is an argument that the sum of $357,500 exceeded the reasonable expectations of the beneficiaries of the policy; however, the plain language of insurance policies governs. *Farm Bureau Ins. Co. v. Bierschenk*, 250 Neb. 146, 548 N.W.2d 322 (1996); *Mendenhall v. Grantzinger*, 249 Neb. 847, 546 N.W.2d 775 (1996); *Leader Nat. Ins. v. American Hardware Ins.*, 249 Neb. 783, 545 N.W.2d 451 (1996).

A result adverse to either party should not cause us to rewrite the plain language of the policy. An adverse result occurs to one party in every insurance policy dispute. We have in the past applied the plain language of insurance policies which had adverse results for insureds. See, *Coppi v. West Am. Ins. Co.*, 247 Neb. 1, 524 N.W.2d 804 (1994); *Roth v. Farmers Mut. Ins. Co.*, 220 Neb. 612, 371 N.W.2d 289 (1985). In the instant case, American Life could have written the language of its own policy to state different terms if it had wished to do so, but it may not in retrospect attempt to create a new contract. American Life could have worded the contract to state what it is arguing, that is, "[American Life] **WILL PAY** the amount determined from the Schedule of Death Benefits per Unit as shown herein [for a total of $71,500]." American Life did not do so.

The district court correctly stated, "[American Life] wishes the Court to interpret the policy of insurance in something other than the plain language and to, thereby, save it from itself. The Court declines this invitation and finds that [American Life] is bound by the language that it created." I agree with the district court, and I therefore dissent.

WHITE, C.J., and FAHRNBRUCH, J., join in this dissent.