RONALD DAHLKE, DOING BUSINESS AS PIONEER COATING, APPELLANT, V. JOHN F. ZIMMER INSURANCE AGENCY, INC., DOING BUSINESS AS ZIMMER-BLANC INSURANCE AGENCY, INC., AND GALE WILLIAMS, APPELLEES.

567 N.W.2d 548

Filed June 6, 1997.   No. S-95-688.

Elaine A. Waggoner, of Waggoner Law Office, for appellant.

Randall L. Goyette and David D. Zwart, of Baylor, Evnen, Curtiss, Grimit & Witt, for appellees.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and McCORMACK, JJ.

WHITE, C.J.

Ronald Dahlke appeals the trial court's grant of summary judgment in favor of John F. Zimmer Insurance Agency, Inc., doing business as Zimmer-Blanc Insurance Agency, Inc. (Agency), and its agent, Gale Williams. We affirm.

Dahlke owns and operates Pioneer Coating, a roofing, construction, and waterproofing business. One of the hazards of Dahlke's business is "overspray"—a condition which occurs when coating sprayed on a roof drifts to other property and causes damages.

Since 1980, Dahlke has obtained overspray insurance from Agency through Williams. Generally, Dahlke would obtain this insurance by informing Williams of his needs as well as his preference of a particular dollar amount for the deductible, and Williams would then procure the insurance. When Dahlke received the insurance policy, he typically filed the policy without reading it.

In 1984, the insurance policy in effect had a per-occurrence deductible, requiring Dahlke to pay one deductible for each overspray incident, regardless of how many claims were made as a result of a single incident. In 1988, Dahlke procured a policy from Agency which stated, "The deductible amount applies . . . to all property damage sustained by one person or organization, as the result of any one occurrence." This language is referred to as a per-claim deductible and required Dahlke to pay a deductible for each claim which resulted from a single incident. In procuring the 1988 insurance, Dahlke asked Williams for a policy with a $1,000 deductible; the record is clear that no discussion occurred on either Williams' or Dahlke's part about the meaning of the deductible provision in the policy.

Dahlke had received the insurance certificate, but not a copy of the 1988 policy, when an overspray incident occurred. After settling multiple claims, the insurance company billed Dahlke $10,835.47 for the deductibles. Dahlke sued Williams and Agency, arguing that Williams negligently failed to obtain the proper insurance and that Williams failed to advise Dahlke that his policy contained a per-claim deductible.

Williams and Agency filed a motion for summary judgment, which was granted by the trial court and reversed by this court in *Dahlke v. John F. Zimmer Ins. Agency*, 245 Neb. 800, 515 N.W.2d 767 (1994) (*Dahlke I*). In *Dahlke I*, we held that "[w]hen an agent knows that a provision of the insured's policy has been invoked, the agent has a duty to explain any changes to that provision appearing in a subsequent policy." 245 Neb. at 806, 515 N.W.2d at 771-72. However, we also stated that "absent a reason for the insured's failure to read the policy, if a policy provision is clear and unambiguous, then the insured's failure to read the policy provision will insulate the agent from liability for failure to explain that provision." *Id.* at 806, 515 N.W.2d at 772. We reversed, and remanded, stating that while Dahlke could not have read the 1988 policy because it was not yet in his possession at the time of the 1988 overspray incident, we recognized that Dahlke's earlier policies might have contained the per-claim deductible language. In so doing, we stated, "If those [per-claim] provisions [in earlier policies] are clear and unambiguous, then Williams and [Agency] are insulated from liability; if those provisions are *not* clear and unambiguous, then Williams and [Agency] are *not* insulated from liability." (Emphasis in original.) *Id.* at 808, 515 N.W.2d at 772-73.

On remand, Williams and Agency filed another motion for summary judgment and included copies of Dahlke's 1986 and 1987 insurance policies procured through Williams and Agency. Both the 1986 and 1987 policies contained the following language: "The deductible amount applies . . . to all property damage sustained by one person or organization, as the result of any one occurrence." Dahlke admitted that the 1988 policy was similar to his 1986 and 1987 policies in that all three contained the per-claim language; however, Dahlke stated that he did not understand the difference between the per-claim and the per-occurrence language. The trial court granted the second motion for summary judgment, finding that the provisions in the 1986 and 1987 policies were clear and unambiguous.

On appeal, Dahlke argues that the trial court erred in finding that the deductible provisions in the contracts of insurance were clear and unambiguous.

Summary judgment is proper only when the pleadings, depositions, admissions, stipulations, and affidavits in the record disclose that there is no genuine issue as to any material fact or as to the ultimate inferences that may be drawn from those facts and that the moving party is entitled to judgment as a matter of law. *Kime v. Hobbs, ante* p. 407, 562 N.W.2d 705 (1997); *Robertson v. School Dist. No. 17, ante* p. 103, 560 N.W.2d 469 (1997). In reviewing a summary judgment, an appellate court views the evidence in a light most favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Kime, supra; Robertson, supra.*

In his sole assignment of error, Dahlke alleges that the trial court incorrectly found that the terms regarding deductibles in the 1986 and 1987 policies were clear and unambiguous. We disagree.

Whether a document is ambiguous is a question of law, and an appellate court considering such a question is obligated to reach a conclusion independent of the trial court's decision. *Union Ins. Co. v. Land and Sky, Inc.*, 247 Neb. 696, 529 N.W.2d 773 (1995). See, also, *Kast v. American-Amicable Life Ins. Co.*, 251 Neb. 698, 559 N.W.2d 460 (1997). When an insurance contract can be fairly interpreted in more than one way, there is ambiguity to be resolved by the court as a matter of law. *Kast, supra.* Interpretation of an unambiguous term or provision of an insurance policy also presents a question of law. *Id.*

The 1986 and 1987 policies at issue in this case stated, "The deductible amount applies . . . to all property damage sustained by one person or organization, as the result of any one occurrence." This language clearly provides that the deductible will be assessed for each person or organization who made a claim in any one overspray incident and is identical to the deductible language found in the 1988 policy. We hold that because this language cannot be fairly interpreted in more than one way, it is therefore clear and unambiguous, and the trial court did not err in so finding.

We recognize that Dahlke could not have read the deductible provision in his 1988 policy because he did not have a copy of that policy at the time of the overspray incident. However,

Dahlke certainly could have read the deductible provisions in his 1986 and 1987 policies and, by his own admission, simply failed to do so. As we stated in *Dahlke I*, "[I]f a policy provision is clear and unambiguous, then the insured's failure to read the policy provision will insulate the agent from liability for failure to explain that provision." 245 Neb. at 806, 515 N.W.2d at 772. Thus, the trial court correctly granted Williams and Agency's motion for summary judgment.

Because we find that the deductible provisions in Dahlke's 1986 and 1987 insurance policies were clear and unambiguous and that Dahlke's failure to read the policy provisions insulates the insurance agent from liability, we affirm the trial court's grant of Williams and Agency's motion for summary judgment.

AFFIRMED.

STEPHAN, J., not participating.