LLYOD I. TRACY, JR., DOING BUSINESS AS TRACY ENTERPRISES, APPELLANT, V. CITY OF DESHLER, NEBRASKA, A MUNICIPAL CORPORATION, APPELLEE.

568 N.W.2d 903

Filed October 3, 1997.   No. S-95-1360.

Earl D. Ahlschwede, of Mayer, Burns & Alschwede, for appellant.

Joseph H. Murray and Gregory C. Damman for appellee.

WHITE, C.J., CAPORALE, WRIGHT, CONNOLLY, GERRARD, and McCORMACK, JJ.

GERRARD, J.

Lloyd I. Tracy, Jr., brought this action, seeking compensation for the alleged unconstitutional "taking" of his garbage collection business by the City of Deshler (City) as a result of a contract entered into by the City with Tracy's competitor for the collection of garbage in Deshler. The district court granted the City's motion for summary judgment and denied Tracy's motion for partial summary judgment. Because we determine that Tracy was engaged in a business that was subject to a conditional permit and, thus, did not have a reasonable expectation of a continuing "right" to haul garbage in Deshler for the purposes of a "takings" claim, we affirm the judgment of the district court.

## FACTUAL BACKGROUND

Tracy was involved in a garbage collection business in Deshler from April 1 until July 1, 1992. In order to collect garbage in Deshler, Tracy was required to first obtain a permit from the City. Therefore, on January 6, 1992, Tracy applied for and was granted a "Permit to Haul Garbage" "for the year ending July 1, 1992," pursuant to §§ 10-701 through 10-801 of the Deshler Municipal Code. Of particular relevance, § 10-702 provides that if the City enters into a contract for the citywide collection of garbage, all permits previously issued to private

garbage collectors, including the permit issued to Tracy, will immediately expire.

On April 28, 1992, while Tracy was engaged in the collection of garbage in Deshler, the City adopted ordinance No. 442, which established a municipal solid waste disposal department and granted the City authority to enter into a contract for the citywide collection of garbage. After adoption of the ordinance, the City accepted bids from private garbage collectors for the awarding of the City's garbage collection contract. Tracy did not submit a bid in the public bidding process. Subsequent to the bidding, the City entered into a contract with one of Tracy's competitors for the collection of garbage from the customers of the City's electrical distribution system. As a result of this contract, Tracy lost all of his garbage collection customers in Deshler because any person paying for electrical service was also required to pay the garbage collection fee that would be paid to Tracy's competitor.

Tracy filed this action against the City, seeking compensation for the loss of his garbage collection business in Deshler. In its answer, the City alleged that it adopted the ordinance pursuant to its police power and state law, alleged that Tracy had no standing to maintain this cause of action, and alleged that Tracy had no property right which was deprived by the actions of the City. Tracy filed a motion for partial summary judgment, seeking an order that the City was liable, and the City filed a motion for summary judgment, seeking a dismissal of Tracy's petition. The district court overruled Tracy's motion for partial summary judgment and sustained the City's motion for summary judgment. In sustaining the City's motion, the district court found that the City's actions did not make it liable to Tracy because the City had acted within its police power when entering into the contract for the collection of garbage and because Tracy was engaged in a restricted business at the time he obtained a permit from the City to collect garbage and entered into his garbage collection business. Tracy appeals.

## SCOPE OF REVIEW

When reviewing an order granting a motion for summary judgment, an appellate court views the evidence in a light most

favorable to the party against whom the judgment is granted and gives such party the benefit of all reasonable inferences deducible from the evidence. *Brown v. Wilson*, 252 Neb. 782, 567 N.W.2d 124 (1997); *Dahlke v. John F. Zimmer Ins. Agency*, 252 Neb. 596, 567 N.W.2d 548 (1997). The party moving for summary judgment has the burden to show that no genuine issue of material fact exists and must produce sufficient evidence to demonstrate that the moving party is entitled to judgment as a matter of law. *Vilcinskas v. Johnson*, 252 Neb. 292, 562 N.W.2d 57 (1997); *Brown v. American Tel. & Tel. Co.*, 252 Neb. 95, 560 N.W.2d 482 (1997).

## ASSIGNMENTS OF ERROR

Tracy asserts that the trial court erred in finding that (1) Tracy was not entitled to damages from the City as required by Neb. Const. art. I, § 21; (2) the action of the City did not subject it to liability because it was exercising its health and police powers; and (3) Tracy was not entitled to damages because he was engaged in a restricted business at the time he obtained a permit from the City.

## ANALYSIS

Tracy asserts that the City is liable for the loss of his garbage business in Deshler as a result of the contract entered into by the City with one of Tracy's competitors for the collection of garbage in Deshler. While Tracy does not contest the fact that the City had the power to enter into such a contract, Tracy claims that the City did not properly exercise the power because the City failed to provide him with just compensation for the resulting loss of his garbage business. Tracy argues that the loss of his garbage business is a "taking" of property by the City, entitling him to just compensation under Neb. Const. art. I, § 21.

Conversely, the City contends that Tracy does not have a vested property interest in his garbage business that would entitle him to compensation, because he was engaged in a restricted business at the time he obtained a permit from the City to collect garbage in Deshler. Specifically, the City argues that it retained the right to enter into a contract for the citywide collection of garbage and to revoke all permits previously issued to

private garbage collectors. Accordingly, we must determine whether the City is constitutionally obligated to compensate Tracy for the loss of his garbage business when Tracy's "Permit to Haul Garbage" was restricted by city ordinance at the time he obtained the permit from the City.

Neb. Const. art. I, § 21, provides that "[t]he property of no person shall be taken or damaged for public use without just compensation therefor." It is necessary to examine the permit issued to Tracy, and the pertinent ordinances, in order to determine whether Tracy had a protectable property interest in his garbage collection business as of the date of the alleged taking.

Tracy's permit stated that the permit was being granted pursuant to §§ 10-701 through 10-801 of the Deshler Municipal Code. In particular, § 10-702 provides:

In the event that the Mayor and City Council deem it neither expedient nor advisable to enter into a contract for the collection of garbage and other waste material throughout the City, any person may, upon written application to the City Clerk, if he can satisfy the Mayor and Council that he can and will comply with all of the applicable City Ordinances, be issued a written permit to engage in said work. . . . If at any time the Mayor and City Council enter into a contract for City wide collection of garbage and other waste materials, all permits issued under this Section shall immediately expire upon the signing of any City wide contract.

As the plain language of § 10-702 makes clear, Tracy's right to collect garbage within Deshler was a mere privilege, rather than a vested property right, granted to him by the City. The language of the ordinance is equally clear that Tracy's permit would immediately expire if the City chose to enter into a contract for the citywide collection of garbage. Thus, there could be no reasonable expectation of a continuing or unconditional "right" to haul garbage under the plain language of the ordinance.

We begin by noting that under Nebraska's Integrated Solid Waste Management Act, a municipality is expressly empowered to establish ordinances regulating the collection and removal of garbage. See Neb. Rev. Stat. § 13-2023 (Cum. Supp. 1996); *Village of Winside v. Jackson*, 250 Neb. 851, 553 N.W.2d 476

(1996). Furthermore, it is well settled that a municipality has an affirmative duty to supervise and control the collection and disposal of garbage within its corporate limits. 7 Eugene McQuillin, The Law of Municipal Corporations § 24.242 (3d ed. rev. vol. 1989). In the exercise of this duty,

> [a] municipality may perform the function of removal of waste products directly through its own employees; it may have them performed under a public contract; or it may require a license or permit to collect, transport, or dispose of such substances. The choice among sanitary measures is a function of the legislative department of the government . . . .

*Id.* at 117.

In *Tayloe v. City of Wahpeton*, 62 N.W.2d 31, 38 (N.D. 1953), the court, in rejecting a similar "takings" challenge, stated that

> [a garbage collection business] is not a private or competitive business. It is merely the privilege of doing some work that is essentially municipal work and under [the] control of the municipality by virtue of the police power granted to it by the legislature. That is not depriving [the garbage collector] of any property.

Since it is clear that the collection and disposal of garbage is a proper municipal duty, a municipality should have the authority to impose reasonable restrictions when issuing permits to private individuals, granting them the privilege to collect garbage within the municipality's corporate limits. See 9 Eugene McQuillin, The Law of Municipal Corporations § 26.135 (3d ed. rev. vol. 1995). Because the City may lawfully enter into a contract for the citywide collection of garbage, rather than issuing permits to private garbage collectors, the City's retention of the right to enter into a contract for the citywide collection of garbage and to revoke all permits previously issued to private garbage collectors is a clearly reasonable restriction on the collection of garbage.

Thus, because Tracy was engaged in a business that was properly subject to a conditional permit to haul garbage during the relevant time period, we conclude that Tracy did not have a reasonable expectation of a continuing "right" to haul garbage in Deshler for the purposes of a "takings" claim. Stated another

way, payment of just compensation pursuant to Neb. Const. art. I, § 21, applies only to vested property rights, and a permit with the type of restrictive conditions imposed by § 10-702 does not constitute a vested property right in any constitutional sense. See 2 Nichols on Eminent Domain § 5.03[6][g] (3d ed. 1997). See, also, *Acton v. United States*, 401 F.2d 896 (9th Cir. 1968). Accordingly, Tracy's first two assignments of error are without merit.

Finally, Tracy contends that the City's adoption of ordinance No. 442 repealed § 10-702 because ordinance No. 442 contains the boilerplate clause that "[a]ny ordinance or section passed and approved prior to the effective date of this ordinance, which is *in conflict* with the provisions of this ordinance is hereby repealed." (Emphasis supplied.) However, the premise of Tracy's argument is incorrect because § 10-702 and ordinance No. 442 are not in conflict with one another; rather, they are consistent with one another.

Under § 10-702, the City retains the right to enter into a contract for the citywide collection of garbage and, if the City enters into such a contract, to revoke all permits previously issued to private garbage collectors. Ordinance No. 442 simply provides that "[t]he municipality shall operate the municipal solid waste disposal system and may contract for the day to day operation of the same with a qualified individual or company in the collection and disposal of solid waste." In enacting ordinance No. 442 and entering into the contract for the citywide collection and disposal of garbage, the City was merely exercising its rights properly retained in § 10-702. Thus, because the restrictions found in § 10-702 were still in effect on and after April 28, 1992, Tracy did not have a vested property interest, by virtue of the conditional garbage hauling permit, that can be the basis for a "takings" claim.

For the reasons set forth, we affirm the judgment of the district court.

AFFIRMED.

STEPHAN, J., not participating.